FILED
APR 2 5 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

SA24CA0439JKF

| | |
|---|---|
| MARK ANTHONY ORTEGA<br><br>Plaintiff,<br><br>v.<br><br>CALLY CONSULTING, PLLC,<br><br>Defendant. | Case No.<br><br>PLAINTIFF'S ORIGINAL COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT AND TEXAS BUSINESS AND COMMERCIAL CODE<br><br>DEMAND FOR JURY TRIAL |

## NATURE OF THE CASE

1. This action seeks to address the unlawful and intrusive telemarketing practices of Defendant, Cally Consulting, PLLC ("Defendant" or "Cally"), who violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), and the Texas Business and Commercial Code, Chapter 302.101, by initiating an unsolicited telemarketing text message to Plaintiff Mark Anthony Ortega ("Plaintiff" or "Ortega") without his consent and disregarding his status on the National Do Not Call Registry. This intrusion caused Plaintiff frustration, annoyance, and a sense of privacy invasion.

## BACKGROUND ON THE TCPA

2. Enacted in 1991 with bipartisan support, the TCPA aims to protect consumers from the nuisance and invasion of privacy caused by unsolicited telemarketing calls, reflecting Congress's recognition of such calls as a "scourge of modern civilization." See *137 Cong. Rec. 30821 (1991)*.

3. Decades later, the TCPA remains a crucial safeguard against the ever-increasing volume of unwanted calls, which consistently rank among the top consumer complaints. See *Omnibus TCPA Order*, 30 FCC Rcd. 7961, 7964 (F.C.C. July 10, 2015).

4. The private right of action provided by the TCPA is essential to curbing these violations.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA). As this action involves alleged violations of the TCPA, a federal question is presented, thus conferring jurisdiction upon this Court.

6. Additionally, this Court has supplemental jurisdiction over the claims arising under Chapter 302 of the Texas Business and Commercial Code ("Tex. Bus. & Com. Code"). While the Texas Business and Commercial Code, is a state law, it complements and supplements the federal TCPA by providing additional protections to Texas residents against unwanted telemarketing calls. Under 28 U.S.C. § 1367, federal courts may exercise supplemental jurisdiction over state law claims that are so related to claims within the court's original jurisdiction that they form part of the same case or controversy.

7. In this instance, the claims under the Tex. Bus. & Com. Code § 302, are intertwined with the TCPA claims, as they both arise from the same set of facts involving the Defendant's alleged telemarketing calls to Plaintiff. The legal issues and factual questions involved in both sets

of claims are closely related, and it would be efficient and convenient for the Court to address them together in a single proceeding. Therefore, the Court's supplemental jurisdiction is appropriate to encompass the claims arising under Tex. Bus. & Com. Code § 302.

8. This Court has personal jurisdiction over Defendant as they conducted business within this district and purposefully availed themselves of the privilege of conducting activities within the State of Texas.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to this action occurred within this district.

## PARTIES

10. Plaintiff Mark Anthony Ortega is a natural person who resided in San Antonio, Bexar County, Texas at all times relevant hereto.

11. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

12. Defendant Cally Consulting, PLLC is a Nevada Limited Liability Company with a registered agent located at 6605 Grand Montecito Pkwy, Suite 100, Las Vegas, NV, 89149, USA.

13. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

## FACTUAL BACKGROUND

14. Seeking respite from the relentless intrusion of unwanted telemarketing communications, Plaintiff diligently registered his cellular telephone number, 210-744-XXXX ("Plaintiff's Number"), with the National Do Not Call Registry over twelve years prior to the events leading to this action. This registration served as a clear and unequivocal expression of Plaintiff's desire to be free from the nuisance and invasion of privacy caused by unsolicited telemarketing calls or text messages.

15. Plaintiff has never granted express consent to Defendant, or any entity affiliated with them, to receive telemarketing calls.

16. Despite Plaintiff's proactive efforts to protect his privacy and his status on the Do Not Call Registry, on February 5, 2024, at approximately 3:43 PM CST, Plaintiff received an unsolicited and unwanted text message on his cellular telephone from the phone number 571-989-XXXX. The message, originating from Defendant, read: "Hello Mark! There are still health ins. policies available in your state, even after open enrollment. Would you like pricing for individual or family? reply dnd to opt out."

17. The content and format of the initial text message strongly suggest the utilization of an ATDS by Defendant. The generic salutation "Hello Mark!", without any prior contact or established relationship, coupled with the impersonal nature of the message and the offer for health insurance products, aligns with the typical characteristics of automated telemarketing communications generated by an ATDS.

18. Fatigued by the persistent influx of unsolicited telemarketing communications, Plaintiff sought to identify the source of the intrusion and initiated contact with Defendant. During the call, the Defendant's employee scheduled a follow-up call for February 8, 2024, at 4:00 PM CST, indicating that the call would originate from a 530 area code phone number.

19. On or around February 8, 2024, Plaintiff received two calls from the phone number 210-890- XXXX at 4:11 PM CST and 4:13 PM CST. Plaintiff also received a call from 530-605-XXXX at 4:14 PM CST, aligning with the information provided during the prior interaction with Defendant's employee. Plaintiff did not answer any of the calls.

20. Following the unanswered calls, Plaintiff received two text messages from the phone number 571-989-XXXX further substantiating Defendant as the source of the calls. The

first message stated, "I tried to call from this number," and the second message stated, "And I just tried calling from my 530 number."

21. Upon information and belief, both the 571-989-XXXX and 210-890-XXXX phone numbers are associated with the carrier Peerless Network.

22. The pattern of communication, characterized by the use of multiple phone lines from various area codes, strongly suggests that Defendant engages in a practice of disseminating spam calls and text messages, including those directed at Plaintiff. This behavior creates challenges in accurately identifying all calls originating from Defendant without the benefit of further discovery.

23. Defendant's actions, as described herein, constitute clear violations of the TCPA and the Texas Business and Commercial Code, as they involved sending unsolicited telemarketing text messages and placing unsolicited telemarketing calls to Plaintiff without obtaining prior express consent and in disregard of Plaintiff's listing on the Do Not Call Registry.

24. Upon information and belief, neither Defendant is not registered as a telemarketer in Texas, as required by Tex. Bus. & Com. Code § 302.101.

**COUNT I**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(b))**

25. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 24.

26. The TCPA prohibits the use of any automatic telephone dialing system or an artificial or prerecorded voice to make any call (other than a call made for emergency purposes or

with the prior express consent of the called party) to any telephone number assigned to a cellular telephone service. 47 U.S.C. § 227(b)(1)(A)(iii).

27.     The nature of the initial text message, with its impersonal salutation, generic content, and unsolicited offer for health insurance products, provides substantial evidence of Defendant's utilization of an ATDS to contact Plaintiff.

28.     Defendant did not have Plaintiff's prior express consent, either written or oral, to send the text message.

29.     The text message and calls were not sent for emergency purposes; their sole purpose was to market health insurance products, a clear commercial solicitation.

30.     As a result of Defendant's violation of the TCPA, Plaintiff suffered an invasion of his privacy, annoyance, nuisance, and frustration, and is entitled to statutory and/or actual damages.

## COUNT II
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. § 227(c)(5))

31.     Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 24.

32.     The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

33.     Defendant text and called Plaintiff for solicitation purposes despite the fact his number had been on the Do Not Call Registry since 2012.

34.     Defendant's acts as described above were done with malicious, intentional, willful,

reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

35. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

## COUNT III
### Violation of the Texas Business and Commercial Code
### (Tex. Bus. & Com. Code § 302.101)

36. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 24.

37. The actions of Defendant, as described herein, constitute "telephone solicitation" as defined under Tex. Bus. & Com. Code § 302.001(7), as Cally initiated telephone calls to induce Plaintiff to purchase an item, specifically health insurance.

38. Defendant acted as a "seller" as defined under Tex. Bus. & Com. Code § 302.001(5)

39. Despite engaging in telemarketing activities within the State of Texas, Defendant failed to obtain the required registration certificate as mandated by Tex. Bus. & Com. Code § 302.101(a), demonstrating a clear violation of the Texas Business and Commercial Code and its consumer protection provisions.

40. §302.302(a) of the Texas Business & Commercial Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B)).

B. Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(c)(5)(b).

C. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)).

D. Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(c)(5)(b)).

E. Award Plaintiff all damages available under Tex. Bus. & Com. Code § 302, including statutory damages of $5,000 per violation as provided under Tex. Bus. & Com. Code § 302.302(a).

F. Award Plaintiff actual damages suffered (as provided under 47 U.S.C. §227(b)(3)(A), 47 U.S.C. §227(c)(5)(A), and Tex. Bus. & Com. Code § 302.302).

G. Issue a permanent injunction prohibiting Defendants from further calls to Plaintiff in violation of the TCPA (as provided under 47 U.S.C. § 227(b)(3) and (c)).

H. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to Tex. Bus. & Com. Code §302.302(a).

I. Grant any other relief deemed just and equitable by the Court.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Mark Anthony Ortega**, demands a jury trial in this case.

Dated: April 22, 2024

Respectfully submitted,

Mark Anthony Ortega
Plaintiff, Pro Se

By: _____

mortega@utexas.edu
PO Box 702099
San Antonio, TX 78270
Telephone: (210) 744-9663